JOSEPH H. BRUCE v. CITY OF LOUISVILLE.

**Municipal Corporations—Lessening Term or Abolishing Office of Mayor.**
The office of mayor of a city being a legislative office, the Legislature may repeal or so modify the act of incorporation as to lessen the term of the office, or abolish the office, notwithstanding one has been elected thereto under the original enactment.

APPEAL FROM JEFFERSON CIRCUIT COURT.

November 3. 1873.

OPINION BY JUDGE PRYOR:

The only question presented in this case is whether the legislature, after creating by enactment a municipal corporation to aid in its internal government and having officers elected under it, can repeal or so modify the act of incorporation as to lessen the period or destroy altogether the offices to which persons have been elected under the original enactment. Bruce was elected mayor under the old charter of the city of Louisville, and before the expiration of his term a new charter was created by the legislature for the city, and the office of mayor made elective under its provisions, prior to the termination of the period for which he was elected, or in other words his office by this new charter was lessened in its duration. The authorities are so well understood on this question as not to admit of discussion.

Cooley on Constitutional Limitations says: "On this point it would seem that there could be no difficulty. When the state employs officers or creates municipal corporations as the mere agencies of the government, it must have the power to discontinue the agency when it is not longer important. The framers of the constitution did not intend to restrain the states in the regulation of their civil institutions adopted for internal government. They may therefore discontinue offices and abolish or change a municipal corporation at any time, according to the existing view of state policy, unless forbidden by their state constitution from doing so." There is nothing in our state constitution prohibiting such legislative action, and no such officer as that of the mayor of the city of Louisville is created by it. This office owes its existence to the legislative action alone, and upon that

it must depend. This court, in the case of Gibbons v. Young, 2 Duvall 440, has passed upon this identical question, and we perceive no reason for departing from it.

Judgment is affirmed.

*Jeff Brown, for appellant.*

*Burnett, for appellee.*